IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DEMARCUS RALLS, F-46438,          )
                                  )
                Petitioner,       )          No. C 10-4732 CRB (PR)
                                  )
        vs.                       )          ORDER DENYING
                                  )          MOTION FOR RELIEF
ANTHONY HEDGPETH, Warden,         )          FROM JUDGMENT
                                  )
                Respondent.       )          (Docket #16)
_____      )

On March 14, 2012, the court denied on the merits petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 and denied a certificate of appealability (COA) under 28 U.S.C. § 2253.  Petitioner's application raised three claims for relief – the trial court erred in giving jury instruction CALCRIM No. 220, the trial court erred in giving jury instructions CALCRIM Nos. 400 and 401, and the trial court erred in determining petitioner's sentence.

More than a year and three months later, petitioner filed a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b).[1]  He claims that his appellate counsel "relinquished his duties of representing [him]," and that the court "never informed [him] that [he] had to file a Traverse."  Docket #16 at 1.  Petitioner's motion (docket #16) is DENIED.

_____

[1]Petitioner also invokes subsection (d)(2) of Rule 60.  But that subsection, which clarifies that Rule 60 does not limit a court's power to grant relief to a defendant who was not personally notified of the action, is inapplicable to him.

1    To the extent that petitioner's Rule 60(b) motion seeks to raise a new claim

2    of ineffective assistance of appellate counsel, it must be treated as a second or

3    successive petition and subjected to the requirements of 28 U.S.C. § 2244(b).

4    See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005); see also Allen v. Ornoski,

5    435 F.3d 946, 957 (9th Cir. 2006) (in most cases, Rule 60(b) motion should be

6    treated as successive habeas petition if factual predicate for motion also states

7    claim for a successive petition under 28 U.S.C. § 2244(b)).  Under section

8    2244(b), a second or successive petition may not be filed in this court unless

9    petitioner first obtains from the United States Court of Appeals for the Ninth

10   Circuit an order authorizing this court to consider the petition.  See 28 U.S.C. §

11   2244(b)(3)(A).  Petitioner has not obtained such an order from the Ninth Circuit.

12   And to the extend that petitioner's Rule 60(b) motion seeks relief from

13   judgment on the ground that he was not informed that he had to file a traverse,

14   the motion is untimely, see Fed. R. Civ. P. 60(c)(1), and without merit, see Fed.

15   R. Civ. P. 60(b).  The court made clear in its February 17, 2011 order to show

16   cause that, "[i]f petitioner wishes to respond to the answer, he shall do so by

17   filing a traverse with the court and serving it on respondent within 30 days of his

18   receipt of the answer."  Docket #5 at 3.  And contrary to petitioner's suggestion,

19   his failure to file a traverse did not result in the denial of his petition for a writ of

20   habeas corpus and/or a COA.  The petition and COA were denied for lack of

21   merit.

22   SO ORDERED.

23   DATED:  June 28, 2013

     CHARLES R. BREYER
24   United States District Judge

25

26

27   G:\PRO-SE\CRB\HC.10\Ralls, D.10-4732.mtn-relief-judgment.wpd

28                                           2